UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
NEW YORK

**DANIEL O. CASTILLO**
**112 STEINMETZ HOMES**
**SCHENECTADY, NEW YORK**

**Plaintiff,**

Civil Action Number: 1:23-cv-872 (GLS/TWD)

**VS.**

Civil
Rights
Complaint
Pursuant To
42 U.S.C. § 1983

**WILLIAM C. STOCKMAN JR., in his**
**official and individual capacity;**
**DEMANTRA CONSTANTINE, in her official**
**and individual capacity.**

**Defendants,**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**JURISDICTION**

1.      This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

**Parties**

2.      The plaintiff, Daniel Castillo ("the "Plaintiff"), is a resident of the County of Schenectady, New York, and at all times relevant hereto, resided in the City of Schenectady, New York.

3. a.   At all times relevant herein, Defendant William C. Stockman Jr ("Stockman"), was employed by the Schenectady Police Department ("SPD") and, upon information and belief, was a resident of the City of Schenectady, New York.

b.   Defendant: At all times relevant herein, Defendant Demantra Constantine ("Constantine"), was employed by the Schenectady County Clerk's Office and, upon information and belief, was a resident of the City of Schenectady, New York.

## FACTS

4.   On May 6th, 2022, the plaintiff, Daniel Castillo, a journalist, was gathering content for a story by filming at the Schenectady County Office Building located at 620 State Street in Schenectady, New York 12305.

5.   The Plaintiff filmed the exterior of the building before entering to film the interior.

6.   The Plaintiff filmed the lobby and cafeteria before making his way to the County Clerk's office on the third floor.

7.   The Plaintiff quietly filmed the books and equipment before he was asked if he needed any help by county employee Lisa.

8.   The Plaintiff politely declined and continued filming.

9.   Moments later, the Plaintiff was approached by Schenectady County employee Terry, who asked him if he was taking pictures.

10.   The Plaintiff tells her that he was working on a story.

11.   While conversing with county employee Terry, Schenectady County Deputy Clerk Demantra Constantine interjects herself into the conversation and asks the Plaintiff to stop recording because it wasn't allowed in the building.

12.   The Plaintiff tells her that he has a First Amendment right to film in public and publicly accessible areas in the building and if she interfered with that right she would be committing a federal felony.

13. While conversing with Defendant Constantine, an unidentified male approaches the Plaintiff and smacks his camera out of his possession.

14. The police were called as The Plaintiff continued filming.

15. The New York State court officers, Lieutenants Uccello (Badge number 209) and Costello (badge number 147), arrive at the scene and the Plaintiff explains the situation to them before showing New York State court officer Costello the video of the crime committed towards him.

16. The Schenectady County Sheriff's, Sergeant Milton Johnson and Deputy Schaffer, arrive and the New York State court officers explain the situation to them.

17. Eventually, Schenectady Police Officer William C. Stockman Jr arrives and makes contact with the Plaintiff.

18. The Plaintiff explained the situation and showed Defendant Stockman the video of the suspect smacking the Plaintiff's camera out of his possession.

19. Defendant Stockman speaks with the suspect before making his way to speak with the county employees.

20. Defendant Stockman tells the county employees, who were standing by the front counter, how the Plaintiff has the First Amendment right to record in public and publicly accessible areas which is well-reflected in Defendant Stockman's body cam footage. *See generally* Stockman Body Cam Footage.[1]

---

[1] Because this piece of evidence is a video, it cannot be attached hereto. However, all Defendants have access to the video, as they provided it to the undersigned counsel through discovery, when the SPD charged the Plaintiff with Trespassing following the events at issue herein. All of the charges were later dropped.

21. Defendant Stockman and the County employees eventually walk to the back of the Clerk's office and continue the conversation where officer Stockman once again states to Defendant Demantra and the county employees how the Plaintiff can film the public employees in the course of their duties from public and publicly accessible areas.

22. Defendants' Stockman and Constantine conspire to press harassment charges against the Plaintiff. *See* Stockman Body Cam Footage at 17:00-17:20.

23. Defendant Stockman returns and tells the Plaintiff that he has to leave or he would be detained for interfering with the work of the County employees.

24. The Plaintiff had informed officer stockman that he was engaged in a constitutionally protected activity and if he interfered he would be committing a federal felony.

25. The Plaintiff respectfully declined and was arrested.

26. As for the charges lodged against the Plaintiff, after he and his counsel refused all plea offers, all charges were dropped.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 - False Arrest And Detention in Violation of the 1st Amendment of the United States Constitution.

27. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-26, as if fully set forth herein.

28. Defendant Stockman, while acting under the color of the law, violated Mr. Castillo's constitutional rights by arresting Mr. Castillo.

29. Defendant Stockman's actions violated the constitutional rights guaranteed to Mr. Castillo by the First Amendment of the United States Constitution.

30. Defendant Stockman's actions were not taken in good-faith and were in violation of clearly established law.

31. Defendant Stockman lacked probable cause when he arrested the Plaintiff.

32. During the encounter, Defendant Stockman personally stated multiple times that the Plaintiff had the First Amendment right to record public employees in the course of their duties in public and publicly accessible areas. *See e.g.,* Stockman Body Cam Footage at 1:25-1:46, 11:53-12:20, and 13:54-14:03.

33. Defendant Constantine, while acting under the color of the law, violated Mr. Castillo's constitutional rights by conspiring to have Mr. Castillo arrested.

34. Defendant Constantine's actions violated the constitutional rights guaranteed to Mr. Castillo by the First Amendment of the United States Constitution.

35. Defendant Constantine's actions were not taken in good-faith and were in violation of clearly established law.

## SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 - False Arrest And Detention in Violation of the 4th Amendment of the United States Constitution.

36. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-35, as if fully set forth herein.

37. Defendant Stockman, while acting under the color of the law, violated Mr. Castillo's constitutional rights by unreasonably searching and seizing Mr. Castillo.

38. Defendant Stockman's actions violated the constitutional rights guaranteed to Mr. Castillo by the Fourth Amendment of the United States Constitution.

39. Defendant Stockman's actions were not taken in good-faith and were in violation of clearly established law.

40. Defendant Stockman lacked probable cause when he arrested the Plaintiff.

41. Defendant Constantine, while acting under the color of the law, violated Mr. Castillo's constitutional rights by conspiring to have Mr. Castillo arrested.

42. Defendant Constantine's actions violated the constitutional rights guaranteed to Mr. Castillo by the Fourth Amendment of the United States Constitution.

43.     Defendant Constantine's actions were not taken in good-faith and were in violation of clearly established law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Daniel Castillo, respectfully demands the following relief for:

a) A judgment for compensatory damages in an amount to be determined at trial;

b) General damages for all past and future mental suffering and emotional distress suffered by the Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

d) Pre-judgment and post-judgment interest;

e) Declare that the Defendants' acts, taken in their official capacities, as alleged above, violate the First and Fourth Amendment to the United States Constitution;

f) Declare that the Defendants' acts, taken in their individual capacities, as alleged above, violate the First and Fourth Amendment to the United States Constitution;

g) Immediately terminate Defendant Stockman's employment relationship with the Schenectady Police Department, without severance;

h) Immediately terminate Defendant Constantine's employment relationship with the Schenectady County Clerk's Office, without severance;

i) Order the Defendants to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein;

j) Costs, expenses, and fees associated with the filing and maintenance incurred in this action;

k) Such other further specific and general relief as may become apparent from discovery as this matter matures for trial; and

l) Any and all other relief this Court may deem appropriate.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

I declare under penalty of perjury that the foregoing is true and correct.

DATED: *July 20th, 2023*

*Daniel Castillo*
Daniel Castillo
112 Steinmetz Homes
Schenectady, NY 12304
Phone: (518) 881-7901



Exhibit A