UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANIEL O. CASTILLO,

                        Plaintiff,

      v.                                           1:23-cv-00872 (AMN/TWD)

WILLIAM C. STOCKMAN, JR.,
and DEMANTRA CONSTANTINE,

                        Defendants.

---

**APPEARANCES:**                                        **OF COUNSEL:**

**DANIEL O. CASTILLO**
112 Steinmetz Homes
Schenectady, NY 12304
Plaintiff, *pro se*

**BURKE, SCOLAMIERO LAW FIRM**          **JUDITH B. AUMAND, ESQ.**
7 Washington Square
Albany, NY 12205
*Attorneys for Defendant Stockman*

**GOLDBERG SEGALLA, LLP**               **JONATHAN M. BERNSTEIN,**
8 Southwoods Boulevard, Suite 300        **ESQ.**
Albany, NY 12211
*Attorneys for Defendant Constantine*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* Daniel O. Castillo ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against defendants William C. Stockman, Jr. ("Defendant Stockman") and Demantra Constantine ("Defendant Constantine") (collectively, "Defendants"), alleging First and Fourth Amendment violations based on false arrest. Dkt. No. 1 ("Complaint"). Now pending are

Defendants' motions to dismiss Plaintiff's Complaint. Dkt. Nos. 14, 20.[1]  For the reasons that follow, the motions are granted.

## II. BACKGROUND

The following facts are drawn from the Complaint unless otherwise noted and are assumed to be true for purposes of ruling on the Motions.  *See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*).

### A. Facts

On May 6, 2022, Plaintiff began filming the exterior of the Schenectady County Office Building.  Dkt. No. 1 at ¶¶ 4-5.  Plaintiff then entered the building and filmed the lobby, cafeteria, and County Clerk's Office.  *Id.* at ¶¶ 6-7.

As Plaintiff filmed the County Clerk's Office, several County employees asked what he was doing.  *Id.* at ¶¶ 7-11.  Plaintiff told the County employees that he "ha[d] a First Amendment right to film in public and publicly accessible areas in the building and if [they] interfered with that right [they] would be committing a federal felony."  *Id.* at ¶ 12.  Soon after, an unidentified individual approached Plaintiff "and smack[ed] his camera out of his possession."  *Id.* at ¶ 13.  Plaintiff continued filming and "[t]he police were called."  *Id.* at ¶ 14.

Defendant Stockman, a Schenectady police officer, responded to the call.  *Id.* at ¶¶ 3, 17.  After Plaintiff "explained the situation" to Defendant Stockman, Defendant Stockman spoke with the unidentified individual who had approached Plaintiff and then with the County employees.  *Id.* at ¶¶ 18-20.  Defendant Stockman then proceeded "to the back of the Clerk's office" with County employees and conferred with Defendant Constantine, an employee of the County Clerk's Office, after which Defendant Stockman informed Plaintiff that "he ha[d] to leave [the County building]

---

[1] This case was reassigned to the undersigned on February 28, 2024.  Dkt. No. 19.

or he would be detained for interfering with the work of the County employees." *Id.* at ¶¶ 3, 21-23.  Plaintiff refused to leave and was arrested. *Id.* at ¶ 25.

### B. Procedural History

Defendant Stockman answered Plaintiff's Complaint and asserted a cross-claim against Defendant Constantine for liability apportionment. Dkt. No. 12. Now pending are Defendant Constantine's pre-answer Rule 12(b)(6) motion to dismiss Plaintiff's Complaint and Defendant Stockman's cross-claim, *see* Dkt. No. 14, and Defendant Stockman's Rule 12(c) motion for judgment on the pleadings, *see* Dkt. No. 20.

### III. STANDARD OF REVIEW[2]

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their]

---

[2] Defendants' motions are subject to the same standard of review because "'[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).

3

face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.   DISCUSSION

### A.  First and Fourth Amendment Claims

Defendants contend that Plaintiff failed to adequately allege First or Fourth Amendment violations based on false arrest because the Complaint includes facts that demonstrate probable cause to arrest Plaintiff for obstruction of governmental administration. Dkt. No. 14-4 at 10-11;[2] Dkt. No. 20-1 at 8-11. Defendants alternatively argue that Plaintiff's First and Fourth Amendment

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

claims must be dismissed because Defendants are entitled to qualified immunity. Dkt. No. 14-4 at 14-15; Dkt. No. 20-1 at 13-14.[3] The Court agrees with both arguments.

The existence of probable cause to arrest—even for a crime other than the one identified by the arresting officer—will defeat a claim of false arrest under the First or Fourth Amendment. *See Nieves v. Bartlett*, 587 U.S. 391, 400-02 (2019); *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152-54 (2004)).[4] Moreover, a defendant is entitled to qualified immunity for a false arrest claim if there was at least "arguable probable cause" to make the arrest. *See Figueroa*, 825 F.3d at 100 (citing *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013)). Probable cause to arrest a person "exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Hawkins*, 37 F.4th 854, 858 (2d Cir. 2022) (quotation and citation omitted).

---

[3] Plaintiff has failed to respond to Defendants' motions to dismiss. *See generally* Docket Sheet. Nevertheless, the Court recognizes that "[a] plaintiff's failure to respond to a motion to dismiss does not relieve the Court of its obligation to consider the merits of [the] plaintiff's claims," and "'[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond . . . does not warrant dismissal.'" *Malloy v. Sopchak*, No. 1:18-cv-1460 (BKS/DJS), 2020 WL 4432631, at *2 (N.D.N.Y. July 31, 2020) (citing, *inter alia*, *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). The Court also notes, however, that Plaintiff has taken no action in this case since July 2023, *see* Dkt. No. 7, and that period of inaction is presumptive evidence of lack of prosecution, *see* N.D.N.Y. L.R. 41.2(a).

[4] Although a "narrow qualification is warranted for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so[,]" the plaintiff must "present[] objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 406-07 (citation omitted). Even construed liberally, Plaintiff's Complaint makes no such showing. Thus, the "narrow qualification" does not apply and Plaintiff must "plead and prove the absence of probable cause for the arrest." *Id.* at 402.

Under New York State Penal Law, a person is guilty of obstructing governmental administration when "(1) a public servant is performing an official function; (2) the individual prevents or attempts to prevent the performance of that function by *interfering* with it; and (3) the individual does so intentionally." *Kass v. City of New York*, 864 F.3d 200, 207 (2d Cir. 2017) (emphasis added) (citing N.Y. Penal Law § 195.05).  Although the "interference" requirement is not satisfied solely by verbal statements, the requirement is satisfied by "inappropriate and disruptive conduct at the scene of the performance of an official function even if there is no physical force involved."  *Id.* at 209-10 (quoting *People v. Romeo*, 9 A.D.3d 744, 745 (3d Dep't 2004)).

Here, even drawing all reasonable inferences in Plaintiff's favor and construing his Complaint liberally, Plaintiff's First and Fourth Amendment claims fail because, based on the allegations made in Plaintiff's Complaint, there was probable cause to arrest him for obstructing governmental administration: a person of reasonable caution, considering the totality of the circumstances, could have concluded that Plaintiff obstructed governmental administration. Plaintiff engaged in "inappropriate and disruptive conduct at the scene of the performance of an official function," *see id.*, when he interrupted the work of County employees by engaging in a physical altercation with the individual who "smacked" the camera out of his possession, as well as by subsequently refusing to leave the County building.  Dkt No. 1 at ¶¶ 13-25.  Plaintiff's conduct pulled County employees away from their workstations, caused them to move to the back of the Clerk's Office, and resulted in the police being called to the scene.  *Id.*; *see also Berger v. Schmitt*, 91 F. App'x 189, 191 (2d Cir. 2004) (summary order) (finding probable cause to arrest for obstruction of governmental administration because the plaintiff got into an altercation and refused to leave the scene, thereby "interfer[ing] with the officers' efforts to contain what had only

recently been a volatile situation").[5]  Even if these facts did not definitively establish probable cause, they at least establish "arguable probable cause," entitling Defendants to qualified immunity and defeating Plaintiff's First and Fourth Amendment claims based on false arrest.  *See Figueroa*, 825 F.3d at 100 (asserting that a police officer has arguable probable cause if "officers of reasonable competence could disagree on whether the probable cause test was met") (quotation and citation omitted); *Muschette v. Gionfriddo*, 910 F.3d 65, 70 (2d Cir. 2018) (noting that an officer is entitled to qualified immunity if "'*any* reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, *could have* determined that the challenged action was lawful'") (emphasis in original) (quoting *Figueroa*, 825 F.3d at 100).  Accordingly, because at least arguable probable cause existed to arrest Plaintiff for obstructing governmental administration, Plaintiff's First and Fourth Amendment claims based on false arrest must be dismissed.[6]

---

[5] Whether Plaintiff had a First Amendment right to be inside of and film the County Office building is of no importance because "[a]n individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause, even if that prosecution is in reality an unsuccessful attempt to deter or silence criticism of the government." *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012) (quotations and citations omitted); *see also Reichle v. Howards*, 566 U.S. 658, 664-65 (2012) ("This Court has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause.").

[6] To the extent that Plaintiff's Complaint can be construed to allege a Section 1983 conspiracy claim based on Defendants' "conspiring to have [him] arrested," *see* Dkt. No. 1 at ¶¶ 22, 33, 41, such a claim would fail as a matter of law.  *First*, "a plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights[,]" *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995), and the existence of at least arguable probable cause defeats Plaintiff's First and Fourth Amendment claims.  *See, e.g.*, *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.") (citing *Singer*, 63 F.3d at 119); *Mitchell v. Cnty. Of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011) ("[A] § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation.") (collecting cases).  *Second*, Plaintiff's conspiracy allegations are conclusory and attempt to rely on body-camera footage that has not been supplied to the Court.  Dkt No. 1 at ¶¶ 22, 33, 41; *see Allen v. Antal*, 665 F. App'x 9, 15 (2d Cir. 2016) (summary order) ("[C]onclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") (quoting *Leon v. Murphy*, 988 F.2d

Additionally, Defendant Stockman's cross-claim against Defendant Constantine for liability apportionment, *see* Dkt. No. 12 at 8, must be dismissed as moot because Plaintiff's Complaint is dismissed in its entirety.

### B. Opportunity to Amend

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (collecting cases).

Here, in light of the substantive deficiencies in Plaintiff's Complaint set forth above, the Court finds that any amendment would be futile. Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's Complaint in its entirety, with prejudice.

### V. CONCLUSION

Accordingly, the Court hereby

---

303, 311 (2d Cir. 1993)). The USB drive supplied by Plaintiff, *see* Dkt. No. 5, purporting to contain body-camera footage, contains no relevant media.

**ORDERS** that Defendant Constantine's motion to dismiss, Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that Defendant Stockman's motion to dismiss, Dkt. No. 20, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1 is **DISMISSED** with prejudice and without leave to amend; and the Court further

**ORDERS** that Defendant Stockman's cross-claim against Defendant Constantine, Dkt. No. 12 at 8, is **DISMISSED as moot**; and the Court further

**ORDERS** that the Clerk close the case and serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: June 25, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.

**ORDERS** that Defendant Constantine's motion to dismiss, Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that Defendant Stockman's motion to dismiss, Dkt. No. 20, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1 is **DISMISSED** with prejudice and without leave to amend; and the Court further

**ORDERS** that Defendant Stockman's cross-claim against Defendant Constantine, Dkt. No. 12 at 8, is **DISMISSED as moot**; and the Court further

**ORDERS** that the Clerk close the case and serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: June 25, 2024
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.